545 A.2d 491

Margaret Campion, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs June 13, 1988, to Judges MAC-PHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Ellen J. Feinberg, Hayt, Hayt & Landau,* for petitioner.

*Mary Frances Grabowski,* Assistant Counsel, for respondent.

OPINION BY JUDGE PALLADINO, August 12, 1988:

Margaret Campion (Petitioner) appeals from an order of the Department of Public Welfare (DPW) denying Philadelphia Psychiatric Center (Provider) reimbursement for the psychiatric hospitalization of Petitioner. For the reasons which follow, we must dismiss this appeal because Petitioner lacks standing to bring it.

There is no dispute as to the underlying facts in this case. Petitioner is a categorically needy medical assistant recipient. She was admitted to Provider for psychiatric treatment on October 22, 1986 and discharged on December 5, 1986. Prior to this admission, Petitioner had been hospitalized for inpatient psychiatric treatment at Provider from July 1, 1986 until September 2, 1986. The medical necessity of Petitioner's hospitalizations is not contested.

According to DPW regulation, Petitioner is eligible for 60 days of medically necessary inpatient psychiatric services each benefit period. 55 Pa. Code §1151.21(b). This regulation provides that a "recipient's benefit period does not begin until the recipient has not received inpatient psychiatric hospital care from either a public or private psychiatric hospital for at least 60 days." *Id.*

Petitioner, because of the hospitalization for psychiatric treatment until September 2, 1986, would not be eligible for another 60 days of such services until at least November 2, 1986.

Provider did not attempt to claim payment from DPW for the inpatient services it provided Petitioner from October 22, 1986 through November 2, 1986, requesting only reimbursement for services provided from November 2, 1986 through December 5, 1986. DPW denied payment on the basis that Petitioner was not eligible for a benefit period beginning November 2, 1986 because she had not remained out of a psychiatric hospital for at least 60 days.

Provider appealed DPW's denial of payment. A fair hearing was held May 15, 1987. The hearing examiner recommended denial, determining that payment for an inpatient psychiatric treatment is precluded when there has not been a 60 day period, following a previous admission, in which the recipient was not an inpatient.[1] On September 8, 1987, DPW adopted the hearing officer's recommendation denying Provider payment. Petitioner filed her appeal from that decision with this court on October 8, 1987.[2]

Petitioner raises two issues on appeal: (1) whether DPW's interpretation of its regulation to require a re-

---

[1] In addition to 55 Pa. Code §1151.21(b), the regulation specifically dealing with the benefit period with respect to inpatient psychiatric treatment, the hearing officer cited to the definition of benefit period found in 55 Pa. Code §1151.2. That regulation defines benefit period as:

A period of consecutive days, beginning with the first day not included in a previous benefit period on which an individual is furnished inpatient hospital care and ending with the last day of the first 60 day period thereafter during each day of which the individual is not an inpatient in the hospital.

[2] Provider did not appeal the decision to this court.

cipient not to be hospitalized for inpatient services for a minimum of sixty days in order for a new benefit period to begin is an error of law, and, in the alternative, (2) whether DPW is estopped from applying its interpretation to deny payment for the services rendered to Petitioner because of the conflicting information given Provider by DPW prior to Provider's submission of its request for payment. DPW asserts that Petitioner has no standing to appeal its order. For the reasons which follow, we conclude that Petitioner lacks standing.

It is clear from the record in this case that Petitioner was not a party to the administrative action in this case. That alone does not prevent her from appealing the decision because section 702 of the Administrative Agency Act, 2 Pa. C. S. §702, permits an appeal from an administrative agency action by "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication." *See Beers v. Unemployment Compensation Board of Review*, 118 Pa. Commonwealth Ct. 248, 546 A.2d 1260 (1988). However, to qualify to appeal under 2 Pa. C. S. §702 a non party must have a direct interest which is or will be harmed by the adjudication.

This court recently stated that:

One has a direct interest in the adjudication of a governmental agency if he is able to show that that adjudication causes harm to an interest of his; *i.e.*, he must show that the claimed harm to his interest can be said to have resulted in some demonstrable way from the adjudication.

*Beers*, 118 Pa. Commonwealth Ct. at 262, 546 A.2d at 1267. Petitioner has failed to show any direct interest harmed or subject to harm by this adjudication.

Payment to Provider for the services it rendered to Petitioner is made pursuant to a contract between DPW

and Provider which states that Provider agrees to provide inpatient hospital services to medical assistance recipients in accordance with DPW regulation. Record item 3. The contract also states that Provider may appeal "written [DPW] decisions affecting the Hospital's Medical Assistance payments."

DPW regulations provide that an institution which provides inpatient psychiatric services "may not seek reimbursement from a Medical Assistance recipient if certification for days of care is denied. . . ." 55 Pa. Code §1151.41. Therefore, Petitioner has no pecuniary interest subject to any harm by DPW's denial of Provider's request for payment for the services already rendered to her.

We must also consider whether Petitioner has any direct interest which will be harmed in the future by DPW's denial of payment to Provider. In *Beers,* the non-party petitioner was found to have the requisite direct interest because the effect of the adjudication involved was that she *would* be denied unemployment compensation if laid off in the future. Such a situation is not present here.

Petitioner has made no allegations that Provider, or any other hospital, will refuse to provide her inpatient psychiatric treatment, should she require it, on the basis that medical assistance might not provide payment for the treatment. Review of the record discloses no threat on Provider's part to do so. Also, Provider is not precluded from appealing to this court another DPW denial of payment for services rendered on the basis of the DPW interpretation at issue here.

Petitioner has failed to demonstrate an interest which will be harmed by DPW's decision to deny Provider reimbursement for the treatment Petitioner received. Accordingly, this appeal is dismissed for lack of standing.

ORDER

AND NOW, August 12, 1988, Petitioner's appeal is dimissed for lack of standing.